UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| ANTONIO SMITH <br> 15804 Ibsen Place <br> Dumfries, VA 22025. <br><br> **Plaintiff,** <br><br> v. <br><br> THOMAS W. HARKER, <br> Acting Secretary <br> United States Department of the Navy <br> 20 MacDill Boulevard, Suite 164 <br> Washington, D.C.  20032 <br><br> **Defendant.** | Civil Action No. <br><br><br> **COMPLAINT & JURY DEMAND** |

## COMPLAINT

Plaintiff, Antonio Smith, by and through his undersigned counsel, complains against Defendant as for race discrimination and retaliation for protected activity.  This is the unusual case where the responsible management official has admitted that the Plaintiff's protected activity was a factor in his decision.  Mr. Smith, an African American, had made a prior complaint of race discrimination against Colonel Patrick Hittle, who is Caucasian.  Col. Hittle then rejected Mr. Smith's application for promotion.  At a hearing in this matter, Col. Hittle testified that he did not like working with the Plaintiff because he felt he needed to "walk on eggshells" around him due to his complaint of discrimination.  As described in further detail below, Mr. Smith alleges that this decision violated his rights under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. ("Title VII").

## JURISDICTION & VENUE

1. This Court maintains federal question jurisdiction over this action pursuant to Title VII, 42 U.S.C. § 2000e-5(f)(3) and 28 U.S.C. § 1331.

2. Venue is proper pursuant to 42 U.S.C. § 2000e-(5)(f)(3) because the unlawful employment practices are alleged to have occurred in this district.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

3. The Plaintiff timely filed a Formal EEO Complaint on April 30, 2018.

4. Following a hearing, an Administrative Judge of the EEOC issued a decision on March 4, 2020.

5. Plaintiff requested reconsideration of that decision, which was denied on September 27, 2021.

6. In accordance with 29 C.F.R. § 1614.407(c), Plaintiff timely files this civil action within 90 days of receipt of the Defendant federal agency's final decision.

7. Therefore, Plaintiff has exhausted all of his administrative remedies.

## PARTIES

8. Plaintiff is a resident of Dumfries, Virginia. During the relevant time period, he worked in Quantico, Virginia, as Defendant's employee within the meaning of Title VII.

9. Thomas W. Harker, Acting Secretary of the Navy, U.S. Department of the Navy, is named in his official capacity as Acting Secretary of the Federal Agency that employed Plaintiff within the U.S. Government.

## FACTS

10. Antonio Smith served as the Operations Branch Head/ Operations Officer (supervisory), Training & Education Capabilities Division ("TECD") and later renamed Range Training Programs Division, GS-0301-14, from September 2009 – August 2019. From August 2019 – October 2021, he served as the Management Program Analyst (non-supervisory), Doctrine Branch, Policy and Standards Division ("PSD"). In October 2021, Mr. Smith was detailed to the Operations and Support Branch as the Deputy Operations Branch Head (non-supervisory), PSD and is currently pending permanent reassignment to that position.

11. Mr. Smith is African American.

12. As the Branch Head of Operations for TECD, Mr. Smith served as the resource sponsor and requirements generator for both virtual and constructive training devices/simulations *and* range training areas. Mr. Smith was also responsible for directing, managing, supervising, and conducting technical research in support of simulations and range area management. As the Branch Head of Operations, Mr. Smith was third in-line to the Director of TECD.

13. Mr. Smith is considered the Subject Matter Expert to guide validation of current and future needs of training simulation system requirements and range training area requirements, and assist in the identification, development, or acquisition of systems, devices, and range training areas to meet those needs.

14. From September 2009 to 2012 and April 2015 to July 2017, Mr. Smith's direct supervisor was the Deputy Director of TECD, Terry Bennington, a white male with no protected activity.

15. Colonel Patrick Hittle was Mr. Smith's second level supervisor from November 2015 to August 2018.

16. Colonel Hittle made the decision not to select Mr. Smith for promotion.

17. Colonel Hittle is Caucasian and has not engaged in protected activity.

18. When Mr. Bennington retired in 2017, his position as Deputy Director became vacant; Mr. Smith's non-selection for that position is the subject of his complaint in this case.

19. On or about the day of Mr. Benington's retirement in July 2017, Colonel Hittle selected Edward Sobieranski, without competition, to serve as the Acting Deputy Director.

20. Although the Agency denies that Mr. Sobieranski was promoted in July 2017, the evidence shows that by early August 2017, Mr. Sobieranski began approving time sheets and leave requests of branch heads, including Mr. Smith.

21. Mr. Sobieranski is white and has not made complaints of discrimination.

22. At the time of his selection decision, Col. Hittle was aware that Mr. Smith had filed two EEO complaints against the Agency. Indeed, Mr. Smith named Col. Hittle as the discriminating official in his most recent complaint. Mr. Smith had also brought his concerns of retaliation and discrimination directly to Col. Hittle, who deflected and refused to address these concerns.

23. The permanent position of Deputy Director of TECD was advertised in October 2017, three months after it became vacant, and Mr. Sobieranski had been allowed to act in the position.

24. During the application and selection process, Col. Hittle permitted Mr. Sobieranski to continue to act in the position. In total, Col. Hittle allowed Mr. Sobieranski to serve on this detail for more than six months despite the fact that 5 U.S. Code 3341(b) limits such details to 120 days.

25. Also, during the selection process, *i.e.,* between October 2017 and February 2018, Col. Hittle suddenly reassigned several of Mr. Smith's subordinates, without warning, to further marginalize him.

26. The resume review panel gave Mr. Smith's resume 145 points. *See* ROI at 134. Mr. Sobieranski's resume received 138 points.

27. The interview panel for the position at issue was "blown away, [Mr. Smith] was so good" in his interview.

28. Col. Hittle, however, disregarded the views of the two panels and rejected Mr. Smith's application for promotion. Instead, he hand-picked Mr. Sobieranski, the white applicant with no EEO activity, for promotion to the Deputy Director position.

29. Col. Hittle admits that he did not select Mr. Smith for the Deputy Director position because of his prior EEO complaints.

30. Col. Hittle testified that he felt he had to "walk on eggshells" around Mr. Smith because he had filed EEO complaints of discrimination. Col. Hittle emphasized that he did not like working with Mr. Smith because he "had never been the subject of an EEO complaint [before]" and that being named in Mr. Smith's complaint made him feel that he had to walk on eggshells around him.

31. Col. Hittle also admitted that he would not be comfortable having to "walk on eggshells" with his Deputy Director.

32. Col. Hittle testified, "I felt that I was being drug into the conversation about the prior EEO action from Mr. Smith," and "I didn't want to be involved in that." Col. Hittle made the (non)selection just one month after feeling he was being "dragged into" Mr. Smith's EEO

complaints when Mr. Smith attempted to discuss feelings of marginalization, discrimination, and retaliation directly with him.

33. Col. Hittle did not preserve his interview notes even though he knew Mr. Smith had filed an EEO complaint. Furthermore, Stephanie Andrews, Branch Head, Civilian Manpower Branch, G-1 Division, served as Col. Hittle's note taker during the interview and did not preserve her notes. Ms. Andrews was aware of previous EEO complaints and failed to provide a ROI statement after repeated requests. Col. Hittle and Ms. Andrews were the only command officials present during the final interview.

34. Col. Hittle was the sole selecting official for the Deputy Director position. The selectee, Edward Sobieranski, is Caucasian and had no prior EEO activity. Prior to his selection as acting Deputy Director, Mr. Sobieranski was the Deputy Branch Manager of Range and Training Area Management Branch ("RTAMB").

35. RTAMB was a branch within TECD. Thus, Mr. Smith, as Branch Head of Operations with leadership responsibilities across the division, oversaw and delegated tasks to RTAMB, MAGTF Training Simulations Branch, Marine Corps Synthetic Training Branch, and Business Support Branch.

36. Mr. Smith holds a bachelor's degree and two masters' degrees in Strategic Studies and Military Studies, from the U.S. Army War College and U.S. Marine Corps Command and Staff College, respectively.

37. Mr. Sobieranski completed approximately four semesters of undergraduate work and does not have a college degree.

## COUNT I

### Non-Selection for Promotion Based upon Race
*(Title VII – 42 U.S.C. § 2000(e) et seq.)*

38. Plaintiff repeats and realleges the allegations set forth above in paragraphs 1 through 37.

39. Plaintiff was not selected for promotion to the Deputy Director position because he is African American.

40. Defendant's actions were intentional, reckless, and taken with malice.

41. As a direct and proximate result of the Agency's unlawful and retaliatory conduct in violation of Title VII, Plaintiff has suffered significant damages, including but not limited to, pain and suffering, humiliation, mental and emotional distress, lost wages, and other damages.

## COUNT II

### Non-Selection for Promotion Based upon Retaliation
*(Title VII – 42 U.S.C. § 2000(e) et seq.)*

42. Plaintiff repeats and realleges the allegations set forth above in paragraphs 1 through 37.

43. Plaintiff was not selected for promotion to the Deputy Director position in retaliation for Plaintiff's protected activity.

44. Defendant's actions were intentional, reckless, and taken with malice.

45. As a direct and proximate result of the Agency's unlawful and retaliatory conduct in violation of Title VII, Plaintiff has suffered significant damages, including but not limited to, pain and suffering, humiliation, mental and emotional distress, lost wages, and other damages.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all Counts contained in the Complaint.

## **PRAYER FOR RELIEF**

Plaintiff respectfully requests this Court enter judgment against Defendant and award Plaintiff lost wages and benefits; compensatory damages for pain and suffering, mental anguish, and emotional distress in the amount of $250,000, or any such amount as is determined by a jury; pre- and post-judgment interest to the amount of any award; the tax on any award; attorneys' fees and litigation costs; and such other relief as the Court deems fair and just.

Date: December 17, 2021                    Respectfully submitted,

*/s/* Ellen K. Renaud
Ellen K. Renaud
Alan Lescht & Associates, PC
1825 K Street NW, Suite 750
Washington, DC 20006
Tel. (202) 852-8483
Fax. (202) 463-6067
Ellen.renaud@leschtlaw.com

*Counsel for Plaintiff*